UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HONG MAI,

                Plaintiff,

   - against -

NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE; NEW YORK
CITY HUMAN RESOURCE ADMINISTRATION;
and NEW YORK CITY HUMAN RESOURCE
ADMINISTRATION FAR ROCKAWAY JOB
CENTER 079,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-MC-2274 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On October 19, 2000, the Honorable Allyne R. Ross entered an order enjoining Hong Mai from filing any new actions in this Court without first obtaining leave to file. *See Mai v. NYS Dept. of Welfare, et al.*, No. 00-CV-5914 (ARR) (CLP), slip op. (E.D.N.Y. Oct. 10, 2000). On August 22, 2023, Ms. Mai submitted a new proposed complaint (Dkt. 2), accompanied by a motion to proceed *in forma pauperis* (Dkt. 3) and a request for leave to file (Dkt. 1). For the reasons that follow, the motion for leave to file is denied.

The proposed complaint asserts that Ms. Mai received a notice in February 2023, stating that her food stamp benefits would be reduced beginning in March 2023. (Dkt. 2, at ECF 1.)[1] She attaches the letter from the New York State Human Resource Administration as an exhibit. (*Id.* at ECF 3.) The letter states that the emergency temporary supplemental benefits program approved by Congress during the COVID-19 public health emergency was ending and that eligible

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

households would receive their normal amount of benefits without any supplemental benefits those households had been receiving under the emergency program. (*Id.*)

Ms. Mai asserts that this change in benefits "is subject to judicial review pursuant to article 78 of the civil practice law and rules." (*Id.* at ECF 1.) She states that she requested a fair hearing with the New York City Office of Temporary and Disability Assistance, which she received. (*Id.*) However, she states that she was given notice about another hearing in the same notice, which caused a "misunderstanding." (*Id.* at ECF 1–2.) Ms. Mai asks this Court to direct Defendants to appear before the Court, to submit documents of the proceedings within the Human Resources Administration, and to provide the increased food stamp benefits. (*Id.* at ECF 2.)

In her request for leave to file, Ms. Mai states that she is disabled and depends on food stamps. (Dkt. 1.)

Federal courts are not subject to New York State procedural rules, including Article 78 of New York's Civil Practice Law and Rules, and have no jurisdiction over claims invoking Article 78. *See Beckwith v. Erie Cnty. Water Auth.*, 413 F. Supp. 2d 214, 226–27 (W.D.N.Y. 2006) ("[T]his court has no original or supplemental subject matter jurisdiction over [plaintiff's] Article 78 proceeding as neither federal nor New York state law empower the federal courts to consider such claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court.") Thus, this Court cannot hear Ms. Mai's Article 78 claim. If she is dissatisfied with decisions of New York City and New York State agencies, she may seek relief in the appropriate state courts, not the federal courts. Ms. Mai has proposed no other grounds for relief.

Having carefully considered the proposed complaint and the request for leave to file, the Court concludes that Ms. Mai has not presented valid reasons for lifting the filing injunction

against her. *See Biton v. Verilli*, Nos. 17-MC-803 & 17-MC-804, 2017 WL 6383885, at *1 (E.D.N.Y. May 15, 2017) (denying plaintiffs' applications for leave to file complaint where barred litigants' "request does not provide any valid reason to allow the proposed actions to go forward").

## CONCLUSION

For the foregoing reasons, the Court denies Ms. Mai's motion for leave to file the proposed complaint. The motion to proceed *in forma pauperis* is denied as moot. The Order barring Ms. Mai from filing future complaints without leave of the Court remains in effect. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 14, 2023
      Brooklyn, New York